IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTECA STRANGE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2: 14-cv-1512 |
| | ) |
| v. | ) United States District Judge |
| | ) David S. Cercone |
| SUPERINTENDENT ROBERT GILMORE, | ) |
| | ) United States Magistrate Judge |
| Defendant. | ) Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that this prisoner civil rights action be transferred forthwith to the United States District Court for the Southern District of Ohio where venue is proper because all of the claims concern events that took place at the Lebanon Correctional Institution, which is located within the territorial limits of the United States District Court for the Southern District of Ohio.

**II.    REPORT**

**A.    Background**

Plaintiff Monteca Strange is a pro se inmate currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff's allegations are vague and difficult to follow, and although he does not specifically invoke 42 U.S.C. § 1983, he appears to be alleging that he suffered a violation of his Constitutional rights. Because Plaintiff does not have a direct cause of action under the United States Constitution, a liberal reading of the Complaint would require the Court to presume Plaintiff is attempting to state a cause of action under

1

Section 1983. *See Johnson v. City of Shelby, Miss.*, -- U.S. --, 135 S.Ct. 346 (2014). Hence, the Court construes the current civil action as alleging a cause of action under Section 1983.

The Complaint, in its entirety, sets out the following facts:

> I HAVE A BOOK THAT HAS THE SAME ARTICLES OF A COPY OF A BOOK THAT HAD THE SAME ARTICLES WHICH WERE MOSES, EGYPT, THE ONE DOLLAR BILL, HIRAM ABiff, THE DOUBLE EAGLE, JESUS, \JOSEPH, MAH-HAH BONE, THE LODGE, AND THE SHRINERS. THE NAME OF THE I HAVE IS FREEMASORY, ANCIENT EGYPT, AND THE ISLAMIC DESTINY.  IT'S NONE WRITTEN IN THE ORDER AS I STATE BUT THOSE ARTICLES ARE IN THE BOOK.  I HAVE REASON TO BELIEVE THE DOC IS USING A DRUG SOME SORT TO KEEP ME BRAIN SO I CANT REMEMBER OR CLAIM ANY BENEFIT.  A BLOOD TEST WILL PROVE WHAT IS BEING USED TO CAUSE BAD MEMORY.  IF YOU (sic) THE ARTICLES YOU WILL UNDERSTAND EVERY THING IN CREATION
> AT ONCE.
>
> FROM READING THIS COPY, I HAVE COME TO FIGURE OUT I (indecipherable)  TO MAKE 1,458,125,00.00 FROM THE STOCK MARKET. THIS IS UNUSUAL BECAUSE NO ONE THAT HAS BEEN INCARCERATED HAS DID IT.

Complaint, at ¶ 4.

### B. Venue

As the United States Court of Appeals for the Third Circuit has observed, "[s]ection 1983 contains no special venue provision. Therefore, the general venue provisions of 28 U.S.C. § 1391 apply." *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 462 (3d Cir.1996) (citation omitted). In relevant part, § 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district located;  (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated</u>, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added).

2

A District Court is granted discretion to *sua sponte* transfer cases by 28 U.S.C. § 1404(a),which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Anderson v. Zobaytne*, 2013 WL 2404163 (W.D. Pa. 2013 (*citing* Robinson *v. Town of Madison,* 752 F.Supp. 842, 846 (N.D.Ill.1990)) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Thus, the Court is presented with the question of whether transfer to the Southern District of Ohio is "for the convenience of the parties and witnesses [and] in the interest of justice." In performing this analysis, the courts may rely upon traditional venue considerations, to wit:  (1) the location where the underlying material events took place; (2) the location where records and witnesses pertinent to the claim are likely to be found; (3) the convenience of the forum for the petitioner and the respondent and; (4) the familiarity of the court with the applicable laws. *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879-90 (3d Cir. 1995).

In this case, the Complaint clearly states that the events which give rise to the Complaint occurred at the Lebanon Correctional Institution, which is located in Ohio.[1]   Although Plaintiff is incarcerated at a facility in Waynesboro, Pennsylvania, within the boundaries of the Western District of Pennsylvania, the location of his incarceration at the time of filing does not control venue.

---

[1] Among other things, Plaintiff's form complaint contains a section asking "Where did the events giving rise to your claim(s) occur?"  Plaintiff responded:  "Lebanon Correctional Institution in Lebanon, Ohio." Complaint at ¶ V (ECF No. 1-1). The Court takes judicial notice that Lebanon Correctional Institution is located within the boundaries of the United States District Court for the Southern District of Ohio.

Having given due consideration to all of the above factors, it is the Court's recommendation that those factors weigh in favor of sua sponte transferring this case to the United States District Court for the Southern District of Ohio.[2]

### III.  Conclusion

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Local Rule 72, Plaintiff is permitted to file written objections to this Report and Recommendation within fourteen (14) days after date of service. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

It is also recommended that a ruling on Plaintiff's in forma pauperis motion be deferred to the transferee court.

/s Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge


Dated:  November 18,  2014


CC:     MONTECA STRANGE
        HW9945
        175 Progress Dr.
        Waynesburg, PA 15370

---

[2] To the extent that a transfer on grounds of venue requires notice to Plaintiff and an opportunity to be heard, the issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard.