# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MONTECA STRANGE,
    Plaintiff,

vs

SUPERINTENDENT ROBERT GILMORE,
    Defendant.

Case No. 1:15-cv-20

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff is an inmate at "SCI-Greene," a Pennsylvania state prison located in Waynesboro, Pennsylvania.[1] He brings this civil action against Robert Gilmore, the Superintendent of SCI-Greene. (*See* Doc. 1, Complaint, p. 1, at PAGEID#: 5). Plaintiff initiated the action on November 5, 2014 by filing a motion for leave to proceed *in forma pauperis* in the United States District Court for the Western District of Pennsylvania. On January 12, 2015, the matter was transferred to this Court for ruling on plaintiff's *in forma pauperis* application and all further proceedings. (Doc. 3). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1] Although plaintiff states in papers that he has filed with the Court that he resides in Waynesburg, Pennsylvania, it appears from the record that the Pennsylvania prison is actually located in Waynesboro, Pennsylvania. (*See* Doc. 2, p. 3, at PAGEID#: 14).

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the "Statement of Claim" section of the complaint, plaintiff, who is proceeding *pro se*, alleges:

> I have a book that has the same articles of a copy of a book that had the same articles which were Moses, Egypt, the one dollar bill, Hiram Abiff, the double eagle, Jesus, Joseph, Mah-Hah Bone, the Lodge, and the Shriners. The name of the I have is Freemasonry, Ancient Egypt, and the Islamic Destiny. It's none written in the order as I state but those articles are in the book. I have reason to believe the doc is using a drug some sort to keep me brain so I can't remember, or claim any benefit. A blood test will prove what is being used to cause bad memory. If you the articles, you will understand everything in creation at once.
>
> From reading this copy, I have come to figure out how to make 1,958,125,000.00 from the stock market. This is unusual because no one that
3

has been incarcerated has did it.

(Doc. 1, Complaint, pp. 2-3, at PAGEID#: 6-7). Although plaintiff states in the complaint that the "event" forming the basis for his allegations occurred on August 27, 2014 at SCI-Greene, he later alleges that the incident giving rise to his claims occurred at Lebanon Correctional Institution (LeCI) in Lebanon, Ohio. (*See id.*).

Plaintiff's *pro se* complaint is incomprehensible and impossible to decipher. The complaint does not contain complete sentences or any rational statements and provides no factual content or context from which the Court may reasonably infer that the named defendant violated plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Indeed, it is impossible to ascertain where the alleged incident giving rise to the complaint even occurred or how the named defendant was involved in that incident. Accordingly, the complaint should be dismissed as frivolous at the screening stage because plaintiff has failed to state a claim upon which relief may be granted by this Court. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONTECA STRANGE,
    Plaintiff,

vs

SUPERINTENDENT ROBERT GILMORE,
    Defendant.

Case No. 1:15-cv-20

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc